# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRANDON G. MORRIS | ) | CASE NO. 15-10860(1)(7) |
| DANA BELLAIR aka DANA BELLAIR | ) | |
|   MORRIS | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| JOE RYAN | ) | A.P. CASE NO. 16-1007 |
| DARLENE RYAN | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| BRANDON G. MORRIS | ) | |
| DANA BELLAIR MORRIS | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motions to Vacate, Alter or Amend Judgment filed by Debtors/Defendants Brandon Morris and Dana Bellair Morris ("Debtors", "Bellair" or "Morris") regarding the Judgment entered on December 19, 2017 in favor of Plaintiffs/Creditors Joe and Darlene Ryan ("Plaintiffs"). The Court considered the Debtors' Motions, the Responses filed by the Plaintiffs and the comments of counsel for all parties at the hearing held on the matter. For the following reasons, the Court will **DENY IN PART AND GRANT IN PART** the Debtors' Motions to Alter, Amend or Vacate the Judgment and Memorandum-Opinion.

**LEGAL ANALYSIS**

On December 19, 2017, the Court entered a Memorandum-Opinion and Judgment in favor of the Plaintiffs on their Complaint against the Debtors. Following a trial, the Court entered Judgment against both Debtors determining they were not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(3) and (a)(4)[1] and that the debt owed to the Plaintiffs by Debtor Brandon Morris is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6).

A. <u>Judgment Denying Dana Bellair Morris a Discharge</u>.

Bellair contends the Court's Judgment denying her a discharge pursuant to 11 U.S.C. § 727(a)(3) should be vacated because Plaintiffs did not have standing to bring an action against her objecting to her discharge. Bellair states that under 11 U.S.C. § 727(c)(1), only the trustee, creditors or the United States Trustee may object to a debtor's discharge. Specifically, Bellair contends that because she did not sign the Promissory Note with the Plaintiffs, they are not creditors and they have no standing to object to her discharge. The Court finds no merit in this claim.

Under 11 U.S.C. § 101(10), the term "creditor" is defined as an entity that has a "claim against the debtor that arose at the time of or before the order for relief concerning the debtor." The Code defines the term "claim" as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5)(A). Given these definitions and the evidence from the trial, the Ryans were creditors of Bellair and had standing to object to her discharge.

---

[1] The Court denied Bellair's discharge under 11 U.S.C. § 727(a)(3) and denied Morris' discharge under 11 U.S.C. § 727(a)(3) and (a)(4).

The case law on this issue states that in order to be a creditor with standing to file a complaint to deny discharge, the party need only have a claim against the debtor that arose before the petition. *In re Finnimore*, 2012 WL 1392992 (Bankr. D. Conn.) ("[S]tanding in a discharge action all boils down to whether there is still a chance of the alleged creditor having an allowed claim; if there is still a chance, then the party has standing . . .", quoting *8400 N.W. Expressway, LLC v. Morgan (In re Morgan)*, 360 B.R. 507, 515 (Bankr. N.D. Tex. 2007)). In this case, the Plaintiffs had a state court action pending against both Debtors on the date they filed their Petition, an action stayed by the bankruptcy filing. Debtors listed the Plaintiffs on Schedule F, Creditors Holding Unsecured Nonpriority Claims. The claim was listed as contingent, unliquidated and disputed. Furthermore, the Plaintiffs filed a proof of claim against both Debtors and Debtors did not object to the proof of claim. To allow a debtor to list a claim as disputed and then challenge that creditor's standing to object to their discharge on that basis, "unduly complicates the standing determination" and would allow debtors to eliminate the right of a creditor to challenge the debtor's discharge by simply listing the claim as disputed. *In re Finnimore*, at 4. Any such creditor maintains his or her claim, and the classification of a creditor, until such time as an asserted claim is disallowed. *Adams Farms v. James (In re James)*, 166 B.R. 181, 183 (Bankr. M.D. Fla. 2003). Here, there was no challenge to the Plaintiffs' Proof of Claim and therefore, there has been no finding that the Plaintiffs' claim has been disallowed. Thus, the Plaintiffs had standing to assert their objections to Bellair's discharge.

Next, Debtor claims there was no evidence to support the Court's Judgment denying her discharge under 11 U.S.C. § 727(a)(3). The Court based this finding on the fact that Dana Bellair used funds that Brandon Morris fraudulently took from the Plaintiffs and put into the couple's joint

-3-

bank accounts, to pay personal and family expenses. Despite Bellair's claim that there was no evidence that Bellair used the ill gotten gains from the Ryans, the evidence submitted at trial does not support this claim. During the time frame that Brandon Morris was using the Ryans' money to purchase and flip houses, this was the only source of income for the Debtors and the money was deposited into a joint bank account. Records produced at trial from First National Bank showed transactions by Bellair to purchase items and services for herself and on behalf of the family. Furthermore, as part of the flipping scheme used by Brandon Morris, some of the homes that were sold were titled in the name of the Dana Bellair Trust of which she was the Trustee. The evidence simply does not support the Debtor's claim that she did not benefit from any of these transactions.

A party who wants to prevent a Chapter 7 debtor's discharge for failing to maintain adequate financial records must make a *prime facie* showing that debtor failed to maintain adequate records. 11 U.S.C. § 727(a)(3). Plaintiffs clearly made a *prime facie* showing that the Debtors failed to maintain adequate records. A debtor can justify his or her failure to maintain sufficient records by showing extenuating circumstances. Here, Bellair simply stated that she relied on her husband to maintain the records. There are situations where courts have found that a debtor's failure to keep and preserve records was justified. The ability to prevail on such a defense turns on whether the justification is objectively reasonable. *Harrington v. Simmons (In re Simmons)*, 810 F.3d 852 (1st Cir. 2016). The standard is that of a reasonably prudent person in the same or similar circumstances. *Meridian Bank v. Alten*, 958 F.2d 1226, 1231 (3d Cir. 1992).

The evidence at trial established that Bellair's actions by simply relying on her husband to maintain all of the business records were not those of a reasonably prudent person in the same or similar circumstances. Debtor was not uninvolved in her husband's business dealings. Here, Bellair

initiated a legal proceeding to have her name changed for the express purpose of using her maiden name to set up a trust through which over fifty real estate transactions were performed with Bellair signing the documents as the Trustee for these transactions. She was not an innocent bystander who only benefitted indirectly from her husband's schemes. She was an active participant in these actions. The great weight of the evidence presented at trial established that her actions in failing to maintain any records whatsoever, or to even inquire into the reasons for her involvement in the transactions were not those of a reasonably prudent person in the same or similar circumstances. It is this active participation on her part that supports the Court's finding regarding the denial of her discharge. For these reasons, the Court will not alter, amend or vacate its Judgment denying Bellair a discharge under 11 U.S.C. § 727(a)(3).

B.  Judgment Denying Brandon Morris a Discharge and Finding the Debt Owed by Brandon Morris Nondischargeable.

Debtor Brandon Morris contends in his Motion to Alter, Amend or Vacate the Judgment that the Judgment fails to give full credit for payments he made on the debt. However, Morris does not indicate what payments he made that were not credited. The Court's Judgment stated that the debt owed to the Plaintiffs totaled $238,457.82, plus interest at the rate of 4.750%.

On October 29, 2009, Brandon Morris signed a Promissory Note with the Plaintiffs promising to repay $283,500 loaned to him by the Plaintiffs, plus interest of $2,574.90 which had accrued on the debt at that time and at the present interest rate of 4.750%. Under the terms of the Promissory Note the interest rate was variable and subject to change at BB&T's discretion. Joe Ryan testified that he credited Morris for all payments he made and the amount owed at the time of

trial was $238,457.82. This evidence was not refuted by Debtors, nor did they present any proof to contradict this testimony. The Court has no basis to alter the Judgment on this point.

Finally, Brandon Morris contends the Court erred in using an interest rate of 4.750% on the debt of $238,457.82. The Court awarded pre-judgment interest of 4.750%, which was the rate agreed to by the parties when the Promissory Note was signed. Brandon Morris contends that the Court should have used the rate of interest set forth in 28 U.S.C. § 1961 which applies to post-judgment interest only. The interest awarded of 4.750% was the contract rate agreed to by the parties and refers to pre-judgment interest only.

The determination of whether pre-judgment interest is awarded is within the discretion of the Court. *Barvíe v. Broadus (In re Broadus)*, 516 B.R. 378, 394 (Bankr. S.D. Miss. 2014). While federal law governs an award of post-judgment interest, state law governs an award of pre-judgment interest. *General Electric v. Anson*, 426 F.Supp.2d 579 (W.D. Ky. 2006). KRS 360.010 provides that parties may agree in writing for the payment of interest in excess of the statutory rate for money due under a contract or other obligation in writing. The Court believes that awarding the Plaintiffs pre-judgment interest at the contract rate is in keeping with the agreement of the parties. Such an award makes the Plaintiffs whole and compensates them for the time value of the money loaned. *Broadus*, 516 B.R. at 394. The award of interest of 4.750% applies only to pre-judgment interest on the debt until the date the Judgment was entered.

Here, the Plaintiffs did not request and the Court did not award post-judgment interest. The Court will alter the first paragraph of the Judgment to read as follows:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment is entered in favor of the Plaintiffs Joe and Darlene Ryan declaring the debt owed to them by Debtor Brandon Morris in the amount of $238,457.82, plus pre-judgment

       interest at the rate of 4.750%, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6).

The remainder of the Judgment remains the same.

## CONCLUSION

For all of the above reasons, the Court will **DENY IN PART AND GRANT IN PART** the Motions of Defendants/Debtors Dana Bellair Morris and Brandon Morris to Alter, Amend or Vacate Judgment and Memorandum-Opinion. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd  
United States Bankruptcy Judge  
Dated: April 23, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|    BRANDON G. MORRIS | ) | CASE NO. 15-10860(1)(7) |
|    DANA BELLAIR aka DANA BELLAIR | ) | |
|       MORRIS | ) | |
| | ) | |
|       Debtor(s) | ) | |
| | ) | |
|    JOE RYAN | ) | A.P. CASE NO. 16-1007 |
|    DARLENE RYAN | ) | |
|       Plaintiff(s) | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
|    BRANDON G. MORRIS | ) | |
|    DANA BELLAIR MORRIS | ) | |
| | ) | |
|       Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motions of Defendants/Debtors Dana Bellair Morris and Brandon Morris to Alter, Amend or Vacate Judgment and Memorandum-Opinion, be and hereby is, **DENIED IN PART AND GRANTED IN PART** in accordance with the terms of the Memorandum-Opinion accompanying this Order.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 23, 2018